**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-278-GKF-FHM |
| | ) | |
| GEORGE DUCUMMON, individually and | ) | |
| d/b/a CITY FOUNTAIN;  PIERRE | ) | |
| D. LEVECQUE, individually and d/b/a CITY | ) | |
| FOUNTAIN; and  CITY FOUNTAIN, INC., | ) | |
| d/b/a CITY FOUNTAIN, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion for Default Judgment [Dkt. #19] filed by plaintiff Joe

Hand Promotions, Inc. ("Joe Hand").  Plaintiff filed this action pursuant to the Communications

Act of 1934, 47 U.S.C. § 605, *et seq.,* and the Cable and Television Consumer Protection and

Competition Act of 1992, 47 U.S.C. § 553, *et seq.*  It alleges defendants, who are owners and/or

operators of City Fountain, a small bar located in Skiatook, Oklahoma, intercepted and exhibited

the *Ultimate Fighting Championship 94: "Ill Will,"* ("Fight") telecast on May 24, 2008, to which

plaintiff owns exclusive nationwide distribution rights.  In its complaint, plaintiff sought

statutory damages under 47 U.S.C. § 605 and 47 U.S.C.  § 553(b)(2), plus attorney fees and

costs.  [Dkt. #2].   Defendants were properly served and failed to answer or otherwise respond to

the complaint.  [Dkt. ##9-11].  On February 7, 2012, plaintiff filed its Motion for Entry of

Default [Dkt. #15], and on February 8, 2012, the Court Clerk entered default against defendants. [Dkt. #16].

Viewing the allegations in plaintiff's Complaint as admitted, defendants have violated 47 U.S.C. § 605 and 47 U.S.C. § 553 by intercepting and exhibiting a program licensed for distribution to plaintiff without paying plaintiff the required fees. Therefore, plaintiff is entitled to default judgment.

Plaintiff seeks statutory and enhanced damages totaling $35,000.00 under 47 U.S.C. § 605(e).[1] Additionally, it seeks recovery of attorneys' fees in the amount of $2,300.00 and costs totaling $460.00.

### Statutory and Enhanced Damages

Under § 605(e)(3)(C)(i)(I) and (II), the aggrieved party may recover either actual damages or statutory damages in "a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation. Additionally, if the court determines a violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may increase the award of damages by up to $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii).

Plaintiff seeks maximum statutory damages of $10,000 and enhanced damages of $25,000, for a total of $35,000. In support, it has submitted the affidavit of its president, Joe Hand, Jr. ("Hand") [Dkt. #20, Ex. 1] and the affidavit of a private investigator, Richard W.

---

[1] Most courts have found that 47 U.S.C. § 605 applies to piracy of satellite communications and 47 U.S.C. § 553 applies to piracy of cable broadcasts. *See J & J Sports Productions, Inc. v. Aguilera,* 2010 WL 2362189, *2 (N.D. Ill. June 11, 2010). In this case, plaintiff was unable to establish whether the defendants intercepted satellite communications or a cable broadcast, because defendants have failed to appear and defend the case. Plaintiff, arguing it should not be prejudiced by defendants' default, urges application of § 605, which has a higher cap for enhanced damages. The court concurs. However, in light of the amount of damages sought by plaintiff, it is immaterial whether the court applies § 605 or § 553.

Huckeby, who visited City Fountain on the evening of the fight and observed the fight being shown on one television in the establishment. [Dkt. #20, Ex. 2].

Hand stated that his company, a closed-circuit distributor of sports and entertainment programming, purchased and retained the commercial exhibition licensing rights to the Fight. [Ex. 1, ¶3]. The company thereafter marketed the sub-licensing rights to the Fight to its commercial customers, including casinos, racetracks, bars, restaurants and nightclubs. [*Id.*]. Hand stated the commercial sublicense fee for a commercial establishment the size of City Fountain for the Fight would have been $750.00. [*Id.,* ¶8]. Hand described several methods by which signal pirates can unlawfully intercept and broadcast programming, [*Id.,* ¶9]. He avers that "rampant piracy of our broadcasts by unauthorized and unlicensed establishments (signal pirates)" has cost the company's loss of "several millions of dollars of revenue," and increased the cost of service to lawful residential and commercial customers. [*Id.,* ¶¶4, 11]. Hand states the company believes that the persistent signal piracy results in part, "from the perceived lack of consequences (including nominal or minimal damage awards by the Courts who hear our cases) for such unlawful interception and exhibition by the commercial signal pirates." [*Id., ¶*12].

Huckeby testified he entered City Fountain at 9:25 p.m. on May 24, 2008, the night of the Fight. [Dkt. #2 at 1]. He rated the establishment as "Poor." [*Id.* at 2]. He states the seating capacity of the bar was approximately 40 people. [*Id.*]. He counted the number of patrons three different times, observing five people at 9:25 p.m., seven people at 9:33 p.m. and eight people at 9:38 p.m. [*Id.*]. He left the bar at 9:38 p.m. [*Id.*].

In support of its claim, plaintiff cites several recent decisions by courts in the Western District of Oklahoma in which maximum statutory and enhanced damages have been awarded: *J & J Sports Productions, Inc. v. Sanchez,* 5:10-cv-1163-C (W.D. Okla., Jan. 13, 2011) [Dkt. #13];

*J & J Sports Productions, Inc. v. Calderon,* 5:10-cv-123-L (W.D. Okla. Feb. 28, 2011) [Dkt. #21]; *J & J Sports v. Cuellar,* 5:11-CV-153-L (W.D. Okla., July 6, 2011) [Dkt. #13]; and *J & J Sports v. Cuellar,* 5:10-CV-1162-C (W.D. Okla., Apr. 14, 2011) [Dkt. #13].

However, in a similar case in this district, United States District Judge Claire V. Eagan declined to award maximum statutory damages or the maximum allowable enhancement. *Joe Hand Promotions, Inc. v. John M. McLemore, et al,* 4:10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011) [Dkt. #28]. There, the seating capacity of the offending establishment was 70; the sublicense fee would have been $875; no cover fee was charged; and the event was broadcast on three television screens. With respect to statutory damages, Judge Eagan reasoned an award of $2,500 "compensates plaintiff for any fee that should have [been] paid by defendants to obtain a sublicense to broadcast the program and for disgorgement of any possible financial benefits derived by defendants from displaying the illegally intercepted program." [*Id.* at 3]. Judge Eagan awarded enhanced damages of $2,500, finding this amount "should be sufficient to punish defendants for their illegal conduct and deter future violations of § 605," but "not so substantial that it will likely put defendants out of business." [*Id.* at 4].

In this case, the sublicense fee City Fountain would have paid to broadcast the Fight was $750; no cover fee was charged; and no more than five to eight patrons were in the bar. Additionally, plaintiff has presented no evidence of repeated violations by defendants. Adopting the reasoning set forth in *McLemore*, the court finds $2,000 to be the appropriate amount for statutory damages and $2,000 to be an appropriate enhancement, for a total damage award of $4,000.

## Attorney Fees and Costs

Plaintiff seeks attorney fees under 47 U.S.C. § 605(e)(3)(B)(iii), which provides that "[t]he court shall direct the recovery of full costs, including awarding reasonable attorney's fees to an aggrieved party who prevails." *Id.* Plaintiff attached to its motion the declarations of its counsel, Joshua Cline and Thomas Riley. The declarations include itemized records evidencing the time spent and the rates charged for the prosecution of this case. The court has reviewed the declarations and the accompanying itemized time records, and with one exception finds the amount sought by plaintiff to be reasonable, both with respect to the hourly rates sought and the time spent. The exception is an entry evidencing six minutes billed by attorney Riley at the rate of $400/hour. The court finds the rate excessive, and therefore reduces that rate to $200/hour, resulting in a reduction of $20 for the time charged by attorney Riley. This results in a fee award of $2,280.00.

Plaintiff seeks taxable costs of $460.00. The court, having reviewed the affidavit of attorney Cline [Dkt. #20, Ex. 6], grants the requested award of costs.

## Conclusion

Plaintiff's Motion for Default Judgment [Dkt. #19] is granted in part. The court awards statutory damages in the amount of $2,000.00 and enhanced damages in the amount of $2,000.00, attorney fees of $2,280.00 and costs of $460.00.

ENTERED this 23rd day of April, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT